Brian W. Brokate (BB 5830)
John Macaluso (JM 2058)
Walter-Michael Lee (WL 6353)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | CASE NO. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| SIMPSON & SIMPSON, INC. doing business as TS CELLULAR; TODD ADAM SIMPSON, THOMAS V. SIMPSON, SR. and JOYCE K. SIMPSON all individually and doing business as WWW.THEFACEPLATESTORE.COM and WWW.COACHFACEPLATES.COM; UNKOWN WEBSITES 1-10; "JOHN DOES" 1-10; and UNKOWN ENTITIES 1-10, | |
| Defendants. | |

Plaintiff Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach"), through its attorneys, complaining of defendants Simpson & Simpson, Inc. doing business as TS Cellular; Todd Adam Simpson, Thomas V. Simpson, Sr. and Joyce K. Simpson all individually and doing business as thefaceplatestore.com and coachfaceplates.com; Unknown Websites 1-10; "John Does" 1-10; and Unknown Entities 1-10 (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

1

## STATEMENT OF THE CASE

1.     This is a suit by Coach against Defendants for injunctive relief, statutory damages, treble damages and/or profits, compensatory damages, pre-judgment interest, attorneys' fees, and costs for trademark counterfeiting, trademark infringement, cybersquatting, false designations of origin and false description and dilution under State law.  Defendants are being sued by Coach as a result of Defendants' sale, offers for sale, distribution, promotion and advertisement of merchandise bearing counterfeits and infringements of Coach's federally registered trademarks.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

3.     This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statute and the common law of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.     Defendants are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District.

5.     Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7.     Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the state of Maryland, and having its corporate headquarters located at 516 West 34th Street,

New York, New York 10001.

8.      Plaintiff Coach Services, Inc. is a corporation and wholly owned subsidiary of Coach, Inc. existing under the law of the state of Maryland and having its corporate headquarters located at 1 Coach Way, Jacksonville, FL 32218.

9.      Upon information and belief, Simpson & Simpson, Inc. doing business as TS Cellular is a West Virginia corporation with its principle place of business located at 1 Grand Central Park, Suite 2110, Keyser, WV 26726.

10.      Upon information and belief, defendant Todd Adam Simpson is a resident of the State of West Virginia, residing at 277 Windy Hill Drive, Keyser, WV 26726 and a Manager of Simpson & Simpson, Inc.

11.      Upon information and belief, defendant Thomas V. Simpson Sr. is a resident of the State of West Virginia, residing at 277 Windy Hill Drive, Keyser, WV 26726 and a Manager of Simpson & Simpson, Inc.

12.      Upon information and belief, defendant Joyce K. Simpson is a resident of the State of West Virginia, residing at 277 Windy Hill Drive, Keyser, WV 26726 and a Manager of Simpson & Simpson, Inc.

13.      Upon information and belief, Defendants are the registrant, owner, operator and/or controlling force behind the thefaceplatestore.com and coachfaceplates.com websites (the "Websites").

14.      The identities of Unknown Websites 1-10, "John Does" 1-10, and Unknown Entities 1-10 are not currently known to Coach, but, upon information and belief, they are associated with Defendants and contribute to Defendants' infringing activity. Coach will identify these Unknown Websites, Unknown "John Does" and Unknown Entities upon further knowledge and investigation and will amend its pleadings accordingly.

3

## FACTUAL ALLEGATIONS

### A.  Coach's Famous Products and Trademarks

15.     Coach is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality merchandise including, but not limited to, high quality handbags, wallets, jewelry, watches, shoes, eyewear, and fragrances among other goods and accessories, under the federally registered trademarks including, but not limited to, COACH and the various "COACH logo" trademarks.  Coach sells its trademarked goods within this Judicial District.

16.     Coach was founded in 1941 as a family-run workshop. In a Manhattan loft, six artisans handcrafted a collection of leather goods using skills handed down from generation to generation.  Discerning consumers soon began to seek out the quality and unique nature of Coach craftsmanship. Now greatly expanded, Coach continues to maintain the highest standards for materials and workmanship. Coach's exceptional work force remains committed to carefully upholding the principles of quality and integrity that define the company.

17.     Coach is a preeminent designer which is known not only in the United States but throughout the entire world with global sales in the multi-millions.

18.     Coach Services, Inc. is the owner of all of plaintiffs' United States federal trademark registrations.

19.     Coach Services, Inc. has adopted and is the owner of the following trademarks which are protected by the following United States Federal Trademark Registrations:

| Trademark | Reg. No. | Date | Description of Goods |
|---|---|---|---|
| COACH | 0,751,493 | 6/23/1963 | Leather Goods-Namely, Utility Kits, Portfolios, Key Cases, Comb Cases, Pass Cases, Money Clips, Billfolds, Wallets, Pocket Secretaries, Stud Cases, Jewel Cases, and |

| | | | |
|---|---|---|---|
| **COACH** | | | Leather Book Covers. |
| **COACH** | 1,071,000 | 8/09/1977 | Women's Handbags and carry-on luggage; Men's and women's belts. |
| COACH | 1,070,999 | 8/09/1977 | Women's handbags, portfolios, toiletry travel kits and carry-on luggage pieces. |
| COACH **LEATHERWARE** | 1,242,098 | 6/14/1983 | Women's Handbags, Portfolios, Carry On Luggage, Clutches, Totes, Travel Kits, Cosmetic Cases, and Briefcases; Men's and Women's Belts. |
| COACH **COACH** | 1,309,779 | 12/18/1984 | Eyeglass Cases; Checkbook Cases and Pocket Secretaries; Leather Goods-Namely, Wallets, Purses, Key Cases, Cosmetic Cases (Sold Empty), Business Card Cases, Credit Card Cases, Passport Holders, Clutches, Tote Bags, and Shoulder Bags. |
| COACH COACH | 1,846,801 | 7/26/1994 | Men's and women's coats and jackets. |
| COACH | 2,035,056 | 2/4/1997 | Leather cleaning and moisturizing preparations; shoe brushes, cleaning cloths for wiping or dusting leather products |
| COACH | 2,045,676 | 3/18/1997 | Key fobs of metal and money clips; cellular phone cases, computer cases and computer accessory cases; Desk pads,[ desk file trays, memo boxes, pencil cups], business card holders, paperweights, planning diaries, daily business planners, checkbook covers, passport covers; attaché cases, briefcases, briefcase-type portfolios, satchels, duffel bags, men's clutches, coin cases, waist pouches, [water bottle carriers,] passport covers, and identification tags for luggage, luggage, garment bags, backpacks; Picture frames, jewelry cases not of precious metal; Hats, caps and gloves. |
| COACH COACH | 2,074,972 | 7/1/1997 | Leather cleaning and moisturizing preparations; brushes and cleaning cloths for wiping or dusting of leather products. |
| COACH | 2,088,707 | 8/19/1997 | Cellular phone cases, computer cases and computer accessory cases; attaché cases, briefcases, briefcase-type portfolios, handbags, satchels, tote bags, duffel bags, luggage, garment bags for travel, back packs, tie cases, men's clutches, cosmetic bags sold empty, toiletry cases sold empty, water bottle carriers and waist pouches; men's and women's belts. |
| COACH **COACH** | 2,088,706 | 9/19/1997 | key fobs of metal, metal money clips; eyeglass cases, cellular phone cases, computer cases and computer accessory cases; desk pads, desk file trays, memo boxes, pencil cups, business card holders, paperweights, planning diaries, daily business planners, checkbook covers; attaché cases, briefcases, satchels, tote bags, duffle bags, key cases and leather key fobs, men's clutches, coin cases, credit card cases, waist pouches, water bottle carriers, passport covers, cosmetic cases sold empty, toiletry cases sold empty, |

| | | | |
|---|---|---|---|
| | | | and identification tags for luggage, luggage, garment bags, back packs; picture frames, jewelry cases not of precious metal, non-metal money clips; hats, caps and gloves. |
|  | 2,162,303 | 6/2/1998 | Belts. |
|  COACH | 2,169,808 | 6/30/1998 | Clothing for men, women and children, namely, coats, jackets, vests, shirts, overcoats, raincoats, socks, scarves, ties, suspenders, shoes, slippers, and belts. |
| COACH COACH | 2,231,001 | 3/9/1999 | Clothing for men, women and children, namely, coats, jackets, vests, shirts, overcoats, raincoats, socks, scarves, ties, suspenders, shoes, slippers, and belts. |
| COACH COACH | 2,291,341 | 11/9/1999 | Clocks and watches. |
| COACH | 2,291,368 | 11/9/1999 | Clocks, watches and component parts thereof. |
| COACH | 2,446,607 | 4/24/2001 | Writing instruments, namely, pens and pencils. |
| COACH COACH | 2,451,168 | 5/15/2001 | Eyeglasses. |
| COACH COACH | 2,534,429 | 1/29/2002 | Eyeglasses, eyeglass frames, sunglasses. |
|  CC CC CC CC | 2,592,963 | 7/9/2002 | Clothing, namely, Scarves, Ties, Gloves, Belts, Caps, Hats, Shoes, [Slippers,] Coats, Jackets [and Suspenders]. |
|  CC CC CC CC | 2,626,565 | 9/24/2002 | Handbags, Purses, Clutches, Shoulder Bags, Portfolios, Tote bags, Waist pouches, Backpacks, Cosmetic cases sold empty, Toiletry cases sold empty, Briefcases, Luggage, Garment bags, Billfolds, Wallets, Key cases, Business card cases, credit card cases, Passport holders, Identification cases, tie cases and Coin pouches. |
| COACH COACH | 2,666,744 | 12/24/2002 | Bed sheets, pillowcases, towels, comforters, duvet covers, bedspreads, dust ruffles, pillow shams, curtains, draperies, tablecloths not of paper, cloth napkins and bed blankets. |
|  CC | 2,822,318 | 3/16/2004 | Fabric for use in the manufacture of clothing, shoes, handbags and luggage. |

| | | | |
|---|---|---|---|
| 
**CC** | 2,822,629 | 3/16/2004 | Retail store services featuring handbags, luggage, home furnishings, stationary, jewelry, watches, small leather goods, clothing, accessories, shoes, eyewear, toys, desk accessories and pet products. |
| 
**CC** | 2,832,589 | 4/13/2004 | Candles; metal key fobs; sunglasses and eyeglass cases; watches and watch straps; jewelry, namely, necklaces, bracelets, earrings, rings; diaries and planning diaries made of leather; leather key fobs, umbrellas, dog and cat collars and leashes; clothing, namely, skirts and pants, and dogs coats. |
|  | 2,832,740 | 4/13/2004 | Stuffed toy animals. |
| **COACH** | 2,836,172 | 4/27/2004 | Sporting Goods, namely, Golf Bags, Golf Balls, Footballs, Baseballs, Golf Tees and Ball Pouches, Golf Gloves and Glove Club Covers; Stuffed Toy Animals. |
| **COACH** | 2,939,127 | 4/12/2005 | Cameras and Camera Cases. |
| 
**COACH** | 2,983,654 | 8/9/2005 | Handbags and linings sold as an integral component thereof, beach tote bags, umbrellas; Beach towels, fabrics for use in making clothing, shoes and handbags; Swimwear, scarves, hats, and shoes. |
| 
**C** | 3,012,585 | 11/8/2005 | Handbags, Purses, Clutches, Shoulder Bags, Tote Bags, Waist Pouches, Cosmetic Cases Sold Empty, Toiletry Cases Sold Empty, Billfolds, Wallets, Key Cases, Business Card cases, Credit card Cases, Passport Holders, Identification Cases, Key Fobs, Coin Pouches and Umbrellas; Fabrics for use in the manufacture of clothing, shoes and handbags; Clothing, namely, Scarves, Hats, Caps and Shoes. |
|  | 3,072,459 | 3/28/2006 | Leather goods, namely, key fobs, wallets, key cases, bags, travel kits, tote bags, valet trays, briefcases, messenger bags and duffel bags. |
| 
**C** | 3,149,330 | 9/26/2006 | Watches. |
| **COACH**
**COACH** | 3,157,972 | 10/17/2006 | Retail store services, on-line retail store services and catalog mail order services featuring handbags, luggage, stationary, jewelry, watches, small leather goods, clothing, accessories, shoes, eyewear, toys, desk accessories and pet products. |
|  | 3,187,894 | 12/19/2006 | Purses, toiletry cases sold empty and handbags; leather goods, namely, luggage, billfolds, brief case type portfolios, attaché cases, wallets, pocket wallets, clutch purses, key cases; clothing, namely, coats, jackets, |

| Mark | Reg. No. | Date | Goods |
|---|---|---|---|
| | | | hats, and gloves, all of which are made of leather and/or fur. |
| COACH EST. 1941 | 3,251,315 | 6/12/2007 | Handbags; Small leather goods, namely, Key cases, Credit card cases, Billfolds and wallets, Coin cases; Jackets, Coats and Shoes. |
| COACH | 3,338,048 | 11/20/2007 | Backpacks; Billfolds; Clutch purses; Cosmetic cases sold empty; Garment bags for travel; Handbags; Key cases; Luggage; Name card cases; Purses; Shoulder bags; Toiletry cases sold empty; Tote bags; Wallets. |
| COACH | 3,354,448 | 12/11/2007 | Bracelets; Earrings; Jewelry; Necklaces; Rings being jewelry. |
| COACH | 3,363,873 | 1/1/2008 | Fragrances for personal use; Lipsticks. |
| CC | 3,396,554 | 3/11/2008 | Fragrances for personal use; Lipsticks. |
| COACH EST. 1941 | 3,413,536 | 4/15/2008 | Bracelets; Earrings; Jewelry; Necklaces; Rings being jewelry; Backpacks; Billfolds; Clutch purses; Cosmetic cases sold empty; Garment bags for travel; Handbags; Key cases; Luggage; Name card cases; Purses; Shoulder bags; Toiletry cases sold empty; Tote bags; Wallets; Belts; Caps; Coats; Gloves; Hats; Jackets; Overcoats; Raincoats; Scarves; Shoes; Slippers; Ties. |
| COACH | 3,439,871 | 6/3/2008 | Umbrellas. |
| COACH LEATHERWARE EST. 1941 | 3,441,671 | 6/3/2008 | Eyeglasses; sunglasses; Jewelry; watches; Credit card cases; garment bags for travel; handbags; leather cases; leather key cases; purses; traveling bags; umbrellas; wallets; Coats; footwear; hats; jackets; shoes. |
| COACH | 3,633,302 | 6/2/2009 | Body sprays; Cologne; Cosmetics; Hand lotions; Perfumes; Skin lotions; Skin moisturizer; Skin soap; Toilet soaps. |

| | | | |
|---|---|---|---|
| COACH | 3,685,590 | 9/22/09 | Bracelets; Earrings; Jewelry; Necklaces; Rings being jewelry; Watches. |
| COACH COACH | 3,691,827 | 10/6/09 | Bracelets; Earrings; Jewelry; Necklaces; Rings being jewelry; Watches. |
| CC | 3,696,470 | 10/13/09 | Backpacks; Billfolds; Clutch purses; Cosmetic cases sold empty; Garment bags for travel; Handbags; Key cases; Luggage; Name card cases; Purses; Shoulder bags; Toiletry cases sold empty; Tote bags; Wallets; Business card cases; Credit card cases; Coin purses; Umbrellas. Fabrics for the manufacture of clothing, shoes and handbags. Belts made of leather; Headgear, namely, caps and hats; Coats; Gloves; Jackets; Overcoats; Raincoats; Scarves; Shoes; Slippers; Ties |

Correct and true printouts of these federal trademark registrations (collectively referred to as the "Coach Registered Trademarks") from the United States Patent and Trademark Office's trademark database are attached hereto as **Exhibit 1** and incorporated herein by reference.

      20.    All of the Coach Registered Trademarks are valid, subsisting and in full force and effect, and constitute prima facie evidence of the validity of the marks.

      21.    The Coach Registered Trademarks have been used in interstate commerce to identify and distinguish Coach's high quality merchandise including, but not limited to, high quality handbags, wallets, jewelry, products, shoes, eyewear, and fragrances among other goods and accessories for an extended period of time.

      22.    The Coach Registered Trademarks have not been assigned or licensed to any other Defendants in this matter.

      23.    The Coach Registered Trademarks are symbols of Coach's quality, reputation and goodwill.

      24.    Coach has expended substantial time, money and other resources developing, advertising and otherwise promoting the Coach Registered Trademarks. The Coach Registered Trademarks qualify as famous marks as the term is used in 15 U.S.C. § 1125(c)(1).

25.     Coach has extensively used, advertised and promoted the Coach Registered Trademarks in the United States in association with the sale of high quality merchandise including, but not limited to, high quality handbags, wallets, jewelry, products, shoes, eyewear, and fragrances among other goods and accessories and has carefully monitored and policed the use of the Coach Registered Trademarks.

26.     As a result of Coach's efforts, members of the consuming public readily identify merchandise bearing the Coach Registered Trademarks as being high quality merchandise sponsored and approved by Coach.

27.     Accordingly, the Coach Registered Trademarks are famous and have achieved secondary meaning as identifiers of high quality merchandise including, but not limited to, high quality handbags, wallets, jewelry, products, shoes, eyewear, and fragrances among other goods and accessories.

**B. Defendants' Counterfeiting and Infringing Activities**

28.     Upon information and belief, long after Coach's adoption and use of the Coach Registered Trademarks on its products and after Coach's federal registration of the Coach Registered Trademarks, Defendants began selling, offering for sale, distributing, promoting and advertising in interstate commerce, through the Internet, through the Website and through e-mail, merchandise bearing counterfeits and infringements of the Coach Registered Trademarks as those marks appear on Coach's products and as shown in the Coach Registered Trademarks attached hereto as **Exhibit 1**.

29.     Upon information and belief, Defendants are conducting their counterfeiting and infringing activities within this Judicial District and elsewhere throughout the United States. As a result, Defendants are defrauding Coach and the consuming public for the Defendants' own

10

benefit.

30.     Defendants intentionally, maliciously and willfully sold, offered for sale, distributed, promoted and advertised merchandise bearing counterfeits of one or more of the Coach Registered Trademarks, despite knowledge that such sales were illegal.

31.     Defendants' acts were calculated to confuse and to deceive the public and are performed with full knowledge of Coach's rights.

32.     Defendants are not now, nor have they ever been, associated, affiliated, connected with, endorsed or sanctioned by Coach.

33.     Coach has never authorized or consented in any way to Defendants' use of the Coach Registered Trademarks or marks confusingly similar thereto.

34.     Defendants' use of the Coach Registered Trademarks or marks substantially indistinguishable and/or confusingly similar thereto in connection with Defendants' products is likely to cause consumers, the public and the trade to erroneously believe that the products provided by Defendants emanate or originate from Coach, and/or that said products are authorized, sponsored, or approved by Coach, even though they are not.  This confusion causes irreparable harm to Coach and weakens and dilutes the distinctive quality of the Coach Registered Trademarks.

35.     By using counterfeits and infringements of the Coach Registered Trademarks on their goods, Defendants are trading on the goodwill and reputation of Coach and creating the false impression that Defendants' goods are affiliated with Coach and have diluted, tarnished and blurred the Coach Registered Trademarks.

36.     Defendants have been unjustly enriched by illegally using and misappropriating Coach's intellectual property for their own financial gain.  Furthermore, Defendants have unfairly benefited and profited from Coach's outstanding reputation for high quality products

and its significant advertising and promotion of Coach products and the Coach Registered Trademarks.

37.     Defendants have disparaged Coach, its Coach Registered Trademarks and its products by creating a false association with Coach, its genuine goods and its Coach Registered Trademarks.

38.     Coach has no control over the nature and quality of the products sold by Defendants, which bear counterfeits and infringements of the Coach Registered Trademarks.

39.     Among other things, Defendants' promotion, advertisement and provision of its goods have and will reflect adversely on Coach as the believed source of origin thereof; hamper continuing efforts by Coach to protect its outstanding reputation for high quality, originality and distinctive goods; and tarnish the goodwill and demand for genuine Coach products and products.

40.     Upon information and belief, Defendants have acted with reckless disregard for Coach's rights and/or was willfully blind in connection with unlawful activities.   Upon information and belief, Defendants have willfully and maliciously engaged in infringing activities.  Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

41.     Coach has suffered irreparable harm and damages as a result of Defendants' conduct.  The injuries and damages sustained by Coach have been directly and proximately caused by the Defendants' wrongful advertisement, promotion, distribution, sale and offers of sale of their goods bearing counterfeits and/or infringements of the Coach Registered Trademarks.

42.     Coach has no adequate remedy at law.

43.    Defendants' wrongful acts will continue unless enjoined by the Court. Accordingly, Defendants must be restrained and enjoined from any further counterfeiting or infringement of the Coach Registered Trademarks.

## FIRST CLAIM FOR RELIEF
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

44.    Coach hereby incorporates by reference all prior allegations as though fully set forth herein.

45.    Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the Coach Registered Trademarks on goods covered by registrations for the Coach Registered Trademarks.

46.    Defendants have intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods.

47.    Defendants' use of the Coach Registered Trademarks to advertise, promote, offer for sale, distribute and sell products bearing counterfeits was and is without the consent of Coach.

48.    Defendants' unauthorized use of the Coach Registered Trademarks on and in connection with their advertisement, promotion, sale, offering for sale and distribution of products both in person and through e-mail and through the Internet constitutes Defendants' use of the Coach Registered Trademarks in commerce.

49.    Defendants' unauthorized use of the Coach Registered Trademarks as set forth above is likely to:

(a)    cause confusion, mistake and deception;

13

(b)     cause the public to believe that their merchandise is the same as Coach's merchandise and/or that they are authorized, sponsored or approved by Coach or that they are affiliated, connected or associated with or in some way related to Coach; and

(c)     result in Defendants unfairly benefiting from Coach's advertising and promotion and profiting from the reputation of Coach and its Coach Registered Trademarks all to the substantial and irreparable injury of the public, Coach and the Coach Registered Trademarks and the substantial goodwill represented thereby.

50.     Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

51.     By reason of the foregoing, Defendants are liable to Coach for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Coach's election, an amount representing three (3) times Coach's damages and/or Defendants' illicit profits; and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. § 1114)

52.     Coach hereby incorporates by reference all prior allegations as though fully set forth herein.

53.     Based on Coach's extensive advertising under the Coach Registered Trademarks, its extensive sales and the wide popularity of Coach products, the Coach Registered Trademarks have acquired a secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product and affiliate of Coach.

54.    Defendants' activities constitute Defendants' use in commerce of the Coach Registered Trademarks.  Defendants used the Coach Registered Trademarks in connection with Defendants' sale, offers of sale, distribution, promotion and advertisement of their goods bearing infringements and/or counterfeits of the Coach Registered Trademarks.

55.    Defendants have used the Coach Registered Trademarks, knowing they are the exclusive property of Coach, in connection with their sale, offers for sale, distribution, promotion and advertisement of their goods bearing counterfeits or infringements of the Coach Registered Trademarks.

56.    Defendants' activities create the false and misleading impression that Defendants are sanctioned, assigned or authorized by Coach to use the Coach Registered Trademarks to advertise, manufacture, distribute, appraise, offer for sale or sell products bearing the Coach Registered Trademarks when Defendants are not so authorized.

57.    Defendants engage in the aforementioned activity with the intent to confuse and deceive the public into believing that they and the products they sell are in some way sponsored, affiliated or associated with Coach, when in fact they are not.

58.    Defendants' use of the Coach Registered Trademarks has been without the consent of Coach, is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the goods advertised, promoted, distributed and sold by Defendants are warranted, authorized, sponsored or approved by Coach when, in fact, they are not.

59.    Defendants' unauthorized use of the Coach Registered Trademarks has resulted in Defendants unfairly benefiting from Coach's advertising and promotion, and profiting from the reputation of Coach and the Coach Registered Trademarks, to the substantial and irreparable

injury of the public, Coach and the Coach Registered Trademarks and the substantial goodwill represented thereby.

60.     Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

61.     By reason of the foregoing, Defendants are liable to Coach for: (a) an amount representing three (3) times Coach's damage and/or their illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### (Federal Anti-Cybersquatting (Anti Cyberpiracy), 15.U.S.C. § 1125(d)(1)(A))

62.     Coach hereby incorporates by reference all prior allegations as though fully set forth herein.

63.     Upon information and belief, Defendants registered and/or use in bad faith the domain name coachfaceplates.com which incorporates a mark confusingly similar to the COACH trademark.

64.     Coachfaceplates.com is substantially indistinguishable from, confusingly similar to and/or dilutive of the COACH trademark in violation of the Anti-Cybersquatting Consumer Act, 15 U.S.C. § 1125 (d)(1)(A)(ii)(II).

65.     Defendants registered and/or use coachfaceplates.com for the purpose of advertising and promoting goods that are not sponsored or authorized by Coach.

66.     Defendants have no trademark or other intellectual property rights in coachfaceplates.com and have acted in bad faith with the intent to profit from the goodwill of the COACH trademark

67.     Defendants' aforementioned acts constitute Cybersquatting (Cyberpiracy) in violation of 15 U.S.C. § 1125 (d)(1)(A).

68.     By reason of the foregoing, Defendants are liable to Coach for (a) Coach's actual damages and Defendants' profits; or (b) statutory damages in an amount up to $100,000 as provided by 17 U.S.C. § 1117(d).

## FOURTH CLAIM FOR RELIEF
**(Federal Trademark Dilution, 15 U.S.C. §1125(c))**

69.     Coach hereby incorporates by reference all prior allegations as though fully set forth herein.

70.     Defendants' use of the Coach Registered Trademarks or marks confusingly similar thereto in order to sell their products constitutes Defendants' commercial use in commerce of the Coach Registered Trademarks.

71.     The Coach Registered Trademarks are world famous and distinctive.

72.     Defendants' use of the Coach Registered Trademarks to advertise unauthorized merchandise constitutes tarnishment of the Coach Registered Trademarks.

73.     Coach is suffering and will continue to suffer irreparable harm from the Defendants' dilutive activities.

74.     Defendants' acts as aforesaid are diluting the distinctive quality of the Coach Registered Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

75.     Defendants have intentionally and willfully appropriated the Coach Registered Trademarks and traded on Coach's reputation.

76.     Defendants' wrongful acts of dilution will continue unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF
### (Unfair Competition, False Designation of Origin & False Description, 15 U.S.C. § 1125(a))

77.    Coach hereby incorporates by reference all prior allegations as though fully set forth herein.

78.    In connection with Defendants' advertisement, promotion, distribution, offers of sale and sale of their goods, Defendants have used the Coach Registered Trademarks in commerce.

79.    In connection with Defendants' advertisement, promotion, distribution, offers of sales and sales of their goods, Defendants have affixed, applied and/or used false designations of origin and false and misleading descriptions and representations, including the COACH trademark and other Coach Registered Trademarks, which tend falsely to describe the origin, sponsorship, association or approval by Coach of the goods Defendants sells.

80.    Defendants have used the Coach Registered Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Coach.

81.    Defendants' use of the Coach Registered Trademarks on the Website and on their goods bearing counterfeits or infringements of the Coach Registered Trademarks constitutes false descriptions and representations tending falsely to describe or represent Defendants and their products as being authorized, sponsored, affiliated or associated with Coach.

82.    Defendants have used the Coach Registered Trademarks on the Website and on their goods with the express intent to cause confusion and mistake, to deceive and mislead the public, to trade upon the reputation of Coach and to improperly appropriate to themselves the valuable trademark rights of Coach.  Defendants' acts constitute unfair competition under federal law.

83.    Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent their products as those of Coach in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  These acts constitute unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE**, Coach respectfully requests that the Court order the following relief:

I.    That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

(a)    using any reproduction, counterfeit, copy, or colorable imitation of the Coach Registered Trademarks to identify any goods or the rendering of any services not authorized by Coach;

(b)    engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Coach's business reputation or weaken the distinctive quality of the Coach Registered Trademarks, Coach's name, reputation or goodwill;

(c)    using a false description or representation including words or other symbols tending to falsely describe or represent their unauthorized goods as being those of Coach or sponsored by or associated with Coach and from offering such goods in commerce;

(d)    further infringing or diluting the Coach Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Coach bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Coach Registered Trademarks;

(e)    using any simulation, reproduction, counterfeit, copy or colorable imitation of the Coach Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such

products in any way to Coach, or to any goods sold, manufactured, sponsored or approved by, or connected with Coach;

(f)    making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Coach, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Coach;

(g)    engaging in any conduct constituting an infringement of any of the Coach Registered Trademarks, of Coach's rights in, or to use or to exploit, said trademark, or constituting any weakening of Coach's name, reputation and goodwill;

(h)    using or continuing to use the Coach Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Coach;

(i)    hosting or acting as Internet Service Provider for, or operating or engaging in the business of selling any website or other enterprise that offers for sale any products bearing the Coach Registered Trademarks;

(j)    acquiring, registering, maintaining or controlling any domain names that include the COACH trademark or any of the other Coach Registered Trademarks or any marks confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than Coach;

(k)    using any e-mail addresses to offer for sale any nongenuine products bearing counterfeits of the Coach Registered Trademarks;

(l)    having any connection whatsoever with any websites that offer for sale any merchandise bearing counterfeits of the Coach Registered Trademarks;

(m)    secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Coach Registered Trademarks; and

20

(n)     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (m).

II.     That Defendants, within ten (10) days of judgment, takes all steps necessary to remove from all websites owned, operated or controlled by the Defendants, all text or other media offering for sale any merchandise bearing the Coach Registered Trademarks, or marks substantially indistinguishable therefrom.

III.    That Defendants, within thirty (30) days of judgment, files and serves Coach with a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.     That Defendants, within ten (10) days of judgment, take all steps necessary to transfer to Coach coachfaceplates.com and any other domain names they own or control that contain the Coach Registered Trademarks, or marks substantially indistinguishable and/or confusingly similar thereto.

V.      That Defendants be required to deliver up for destruction to Coach all unauthorized materials bearing any of the Coach Registered Trademarks in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118.

VI.     That Defendants not operate any websites that offer for sale and/or sell any merchandise bearing counterfeits of the Coach Registered Trademarks.

VII.    That Defendants' Internet Service Provider and/or Registrar be ordered to cancel or transfer to Coach or to place on Registry Hold Status any domain names used by Defendants to engage in their illegal activities concerning the Coach Registered Trademarks.

VIII.   Requiring Defendants to pay to Coach such damages Coach has sustained as a consequence of their counterfeiting and infringement of the Coach Registered Trademarks and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Coach Registered Trademarks, and that the award to Coach be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Coach be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendants have willfully counterfeited and infringed.

IX.   Requiring Defendants to pay to Coach such damages and Coach has sustained as a consequence of their cybersquatting of the COACH trademark and to account for all gains, profits and advantages therefrom derived; alternatively, that Coach be awarded statutory damages pursuant to 15 U.S.C. § 1117(d) of up to $100,000.

X.   Ordering that Coach recover the costs of this action, together with reasonable attorneys' and pre-judgment interest in accordance with 15 U.S.C. § 1117.

XI.   Directing that this Court retain jurisdiction of this action for the purpose of enabling Coach to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

XII.   Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Coach.

XIII.   Awarding to Coach such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Coach has incurred in connection with this action.

-

GIBNEY, ANTHONY & FLAHERTY, LLP

Dated: JAN. 13      , 2011

John Macaluso, Esq. (JM 2058)
665 Fifth Avenue
New York, NY 10022
Telephone:  (212) 688-5151
Facsimile: (212) 688-8315
Attorneys for Plaintiff Coach, Inc. and Coach Services, Inc